ROOT (BAKER v.). See Case No. 780.

———

## Case No. 12,035.
### ROOT v. BALL et al.

[4 McLean, 177;[1] 2 Robb. Pat. Cas. 513; Fent. Pat. 73.]

Circuit Court, D. Ohio. July Term, 1846.

PATENTS—PUBLIC USE—ABANDONMENT—TWO MACHINES—COMBINATION—PLEADING AT LAW.

1. To an action for an infringement of a patent right, a plea that the thing claimed to have been invented was in use and for sale before the application for the patent, is demurrable, unless the plea aver an abandonment, or that such use or use was more than two years before the application.

2. Where the use or sale has not exceeded two years before the application, the act of the 3d of March, 1839 [5 Stat. 354], declares it shall not invalidate the patent.

[Cited in Anderson v. Eiler, 46 Fed. 778.]

3. The same patent can not include inventions for two distinct machines. But a claim for a combination of mechanical powers, and the invention or improvement of one or more parts of which the combination consists, may be in one patent.

4. There must be special pleas or the general issue, and notice of special matters.

[5. Cited in Sewall v. Jones, 91 U. S. 184, and in Ripley v. Elson Glass Co., 49 Fed. 929, to the point that, to infringe a patent, it is not necessary that the thing patented should be adopted in every particular. If the patent is adopted substantially by the defendant, he is guilty of infringement.]

[This was an action by David Root against Ball & Davis.]

Mr. Fox, for plaintiff.
Mr. Hart, for defendants.

OPINION OF THE COURT. This is an action for an infringement of a patent. The plaintiff declares against the defendants for violating a patent right granted for a design of ornamental parts of a stove, dated 9th of September, 1845, with the ordinary breaches. The defendants pleaded: (1) The general issue. (2) Because before the date of the patent on the 6th of January, 1844, "stoves constructed upon the plan of the stove patented by plaintiff, with the same general design and combination of the ornamental parts, were publicly made and sold by the defendants at the district, etc. (3) Because before the date of the application for the said letters patent on the 1st November, 1844, and thence on till the date of said application, stoves constructed on the plan of the stoves patented by the plaintiff, with the same general design and combination of the ornamental parts, were publicly for sale by the plaintiff himself, at the district, etc. (4) Be-

[1] [Reported by Hon. John McLean, Circuit Justice.]

cause before the date of issuing the patent on the 1st of January, 1845, and thence on to the date of the same, stoves constructed upon the plan of the stove patented by the plaintiff, with the same general plan and combination of the ornamental parts, were publicly for sale by the plaintiff himself, at Cincinnati, etc. (5) Because at the date of application for said letters on Nov. 1st, 1844, and thence till the date of said application, stoves constructed upon the plan of the stove patented by the plaintiff, with the same general design and combination of the ornamental parts, were in public use, and for sale in the city, etc., by the consent and allowance of the plaintiff himself. (6) Because before the date of issuing said letters patent of the plaintiff, on the 1st January, 1845, and thence continually till the date of the patent, stoves constructed upon the same plan with the stove patented by the plaintiff, with the same general design and combination of the ornamental parts, were in public use and for sale at the city, etc., by consent and allowance of the plaintiff himself. To the 2d, 4th, and 6th pleas, the plaintiff demurred, and joined issue on the 3d and 5th.

The pleas demurred to allege, that before the issuing of the patent, stoves of a similar design and combination were in use and for sale. And this, it is contended, is no answer to the plaintiff's action. By the 7th section of the act of March 3, 1839 [5 Stat. 354], it is declared that "no patent shall be held invalid by reason of any such purchase, sale, or use prior to the application for a patent, except on proof of abandonment of such invention to the public, or that such purchase, sale, or prior use has been for more than two years prior to such application for a patent." None of the pleas state that the use spoken of was more than two years prior to the application for the patent, and this is indispensable to render the patent invalid. Independently of this statute, the plea would have been bad, as the application for a patent must protect the right of the inventor, and the delay which may occur, in the patent office, in making out the patent, can not operate to the injury of the applicant. On both grounds, therefore, it is clear that the pleas demurred to constitute no bar to the plaintiff's action, as they do not show that the patent is invalid, by abandonment or otherwise. When an abandonment is relied on, it should be stated in the plea, and the facts on which the pleader relies, as showing an abandonment. The present is different from the former law, Shaw v. Cooper, 7 Pet. [32 U. S.] 292.

The jury were sworn to try the issues joined, and witnesses were examined. George H. Knight, in September, 1844, was employed by plaintiff to make out the specifications, which are stated in the patent. Elias J. Peck is a pattern maker, and he says that Root's stove was sold in the fall of 1844.

And from other witnesses it appeared that Root's stove was put up early in the year 1845. Several designs were shown to ornament cooking stoves similar to the plaintiff's, but the figures differ. It is admitted that the application and specifications on which the plaintiff's patent issued, were filed the 15th of December, 1844.

It is objected to the plaintiff's patent that two distinct things can not be united in the same patent. This is true, when the inventions relate to two distinct machines. And the reason assigned is, that it would deprive the officers of the government of their fees, and in other respects, would be inconvenient. But the same patent may include a patent for a combination, and an invention of some of the parts of which the combination consists. A patent for a combination is not infringed by the use of any part less than the whole, of the combination. Moody v. Fiske [Case No. 9,745]. It was objected by the defendant, that as a penalty is imposed on a patentee for selling an article unstamped, and as stoves were sold by plaintiff made before the patent, and which were not stamped, the plaintiff could not recover. But the court overruled the motion, saying that the matter stated could have no influence in this case.

The court instructed the jury that, as there was no notice or plea, which authorized the defendant to show a want of novelty in the invention claimed by the plaintiff, they would disregard the evidence which had been given on that head. There is no notice appended to the plea of the general issue to that effect, nor do the special pleas make a want of novelty a ground of defense. They would seem to rely on the effect of an abandonment. Or at least, that the right of the plaintiff did not originate with the discovery, or the application for a patent, but with the emanation of his patent. And the jury were instructed, if they should find that the defendants had infringed the plaintiff's patent by using, substantially, the same device, as ornamental on the same parts of the stove, they would of course find the defendant guilty, and assess such damages as, in their judgment, the plaintiff was entitled to. To infringe a patent right, it is not necessary that the thing patented should be adopted in every particular; but if, as in the present case, the design and figures, were substantially adopted by the defendants, they have infringed the plaintiff's right. If they adopt the same principle, the defendants are guilty. The principle of a machine is that combination of mechanical powers which produce a certain result. And in a case like the present, where ornaments are used for a stove, it is an infringement to adopt the design so as to produce, substantially, the same appearance.

The jury found for the plaintiffs, and assessed their damages at twenty-five dollars—judgment.