## ANDERSON v. EILER.

### (Circuit Court, W. D. Pennsylvania. June 22, 1891.)

**1. PATENTS FOR INVENTIONS—DESIGNS—ABANDONMENT.**
    Under Rev. St. U. S. § 4886, providing that the inventor of an art not in public use or on sale for more than two years before his application, unless it is proved to have been abandoned, may obtain a patent therefor; and section 4920, making a defense to a suit for infringement of a patent, the fact that it has been in public use or on sale for more than two years before application for the patent, or that it has been abandoned to the public; and section 4933, providing that all the regulations and provisions which apply to obtaining or protecting patents for inventions or discoveries shall apply to patents for design,—a design is patentable unless it has been in use or on sale for more than two years, or has been abandoned.

**2. SAME—SALE OF DESIGN.**
    The sale by the inventor of a design of an article bearing his design, before his application for letters patent, to one whom he knows to be a manufacturer of such articles, and to intend to imitate the design, and whose purpose in purchasing he knows to be to obtain a pattern from which to manufacture, is not sufficient to show an abandonment of the invention to the public; but such sale entitles the purchaser to manufacture and sell articles bearing the design, and the purchasers from him to resell the same.

In Equity.
*Wm. L. Pierce*, for complainant.
*Levi Bird Duff*, for defendants.

REED, J. The bill in this case alleged infringement by the defendants of design patent No. 19,872, being for a new design for a mantel. To the bill defendants have filed an answer, setting up several defenses, and the case was heard on bill, answer, and testimony. One of the defenses is the claim by defendants that the patent is invalidated by the sale by the plaintiff of mantels of this design and public use of the said design before the date of the granting of the patent, and that therefore there was an abandonment by the plaintiff of his invention. It is conceded that plaintiff commenced the sale of mantels, of the same design as that covered by the patent, as early as April, 1888. Between that time and the granting of the patent he sold mantels of this design to the defendants, and to such others as he could. His application for a patent was filed February 20, 1890, and was granted June 3, 1890. Defendants' counsel contend that sales at any time before the granting of the patent, by the inventor of a design, of articles upon which his design appears, amount to an abandonment of his exclusive rights, and hence his patent is invalid; that the two years' privilege applicable to other classes of patents does not apply to design patents. If defendants' counsel is correct in his latter position, there was such action by the plaintiff in making sales of his mantels, and such public use of the design, as would justify the conclusion that he had abandoned his invention. The sales and the public use were all within the two years prior to the filing of the application, but were such acts as have been held in other cases to justify a presumption of abandonment, when proven to have existed prior to the two-year period. The provisions in the statutes relating to sales and use of the invention, and protecting the inventor

for a period of two years prior to his application, in my judgment apply as fully to design as to other patents and inventions. Section 4933 of the Revised Statutes provides "that all the regulations and provisions which apply to obtaining or protecting patents for inventions or discoveries, not inconsistent with the provisions of this title, shall apply to patents for design." Section 4886 provides that any person who has invented or discovered any new and useful art, etc., not in public use or on sale for more than two years prior to his application, unless the same is proved to have been abandoned, may obtain a patent, etc. Section 4920 provides, in relation to defenses: "*Fifth,* that it had been in public use or on sale in this country for more than two years before his application or had been abandoned to the public." "Regulations and provisions applicable to the obtaining or protection of patents for inventions or discoveries not inconsistent with the existing patent act, apply to patents for designs without modification or variation. * * * Delay for less than the period of two years constitutes no defense in any case, but the respondents may allege and prove that the invention in question had been in public use or on sale more than two years prior to the application of the party for a patent, and, if they allege and prove that defense, they are entitled to prevail in the suit." *Miller* v. *Smith,* 5 Fed. Rep. 359. "All regulations and provisions that are applicable to the obtaining or protecting of invention or discovery patents are by section 4933 also made applicable to design patents." And in this case the court held the two-year provision applies to the latter class of patents. *Theberath* v. *Rubber, etc., Co.,* 15 Fed. Rep. 246. In an action on a design patent, plea that the invention was in use or on sale before the application for the patent is demurrable, unless the plea aver an abandonment, or that such use or sale was for more than two years before the application; for under section 7 of the act of 1839 such use or sale must have preceded the application more than two years, in order to validate the patent. *Root* v. *Ball,* 4 McLean, 177. In *Booth* v. *Garelly,* 1 Blatchf. 247, it was held that the seventh section of the act of 1839, allowing two years' public use and sale of an invention prior to the application for a patent, was applicable to design patents granted under the act of August 29, 1842. The two cases of *Root* v. *Ball,* and *Booth* v. *Garelly* were upon patents granted under the act of August 29, 1842, which provides that "all regulations and provisions which now apply to the obtaining or protection of patents, not inconsistent with this act, shall apply to applications under this section;" and defendants in the present case seem to have been of the belief, when they filed their answer, that the two-year provision applied to design patents, for the answer says that the design "was known and used in combination and in detail more than two years before the filing of plaintiff's application for a patent, and is not novel or original." From the statutes and authorities cited, I conclude that the two years apply to design patents, and that sales and public use within that time do not invalidate a subsequently issued patent.

Under the provisions of the statutes, however, an abandonment by the inventor of his invention, at any time before the granting of letters pat-

ent, will invalidate his patent. "An abandonment of an invention to the public may be evinced by the conduct of the inventor at any time, even within the two years named in the law. The effect of the law is that no such consequence will necessarily follow from the invention being in public use or on sale with the inventor's consent and allowance at any time within two years before his application, but that, if the invention is in public use or on sale prior to that time, it will be conclusive evidence of abandonment, and the patent will be void." *Elizabeth* v. *Pavement Co.*, 97 U. S. 134. But the testimony must clearly show such conduct on the part of the patentee as to indicate an intention on his part to dedicate his invention to the public. "From some acts the law raises no presumption, but leaves it for a jury to decide whether from them an intention to abandon appears. From others it conclusively presumes abandonment. The act from which alone it presumes abandonment of an invention is its public use and sale for more than two years." 1 Rob. Pat. p. 475. "An abandonment before application consists in any conduct of the inventor in regard to his invention which indicates an intention on his part to dedicate it thenceforth to the public. It may comprise a single instantaneous act or a long series of acts, or mere neglect to act when action is required. * * * Thus where a public use or sale of an invention, though for less than two years, is accompanied by other circumstances showing that the inventor has relinquished his monopoly therein, in this and similar instances it has been decided that the actions or omissions of the inventor were sufficient evidence of an abandonment. But in all cases of this kind the strict presumption is in favor of the inventor, and no conduct which is not entirely voluntary, or can be reasonably regarded as consistent with an honest intention to obtain for his invention the protection offered by the law, is ever taken as proof of an abandonment." Id. p. 477. To justify the defense proof should be clear and satisfactory; the right of the infringer to invalidate the patent for this cause should be undoubted. *Graham* v. *McCormick*, 11 Fed. Rep. 859.

The testimony in this case shows the sale by the plaintiff of mantels bearing his design within the two years preceding his application. It also shows that in October, 1888, he sold one mantel bearing the design in controversy to Mershom, Brown & Co., of East Saginaw, Mich., knowing that they were manufacturers of mantels, and would imitate his designs. Mr. Turner testifies that he was agent for the purchasers, and told the plaintiff that, if he did not send it, he (Turner) would have no trouble in buying one elsewhere, as the trade demanded these mantels, and Mershom, Brown & Co. were going to make them. The plaintiff admitted, when examined on this point, that he knew Turner's object in purchasing the mantel, and that it was ordered as a sample; and it appears that he made no objection at the time, nor did he state that he intended to apply for a patent. The mantel sold by the defendants to plaintiff's agent, and which sale is proven in this case as evidence of infringement, was one purchased by them from Mershom, Brown & Co., the manufacturers of the mantel. Plaintiff's counsel claims that this sale only entitled Mer-

shom, Brown & Co. to sell the particular mantel so purchased from the plaintiff, while defendants' counsel claims that the sale amounted to an abandonment of his exclusive rights by the plaintiff, or, if not, that under the provisions of section 4899, Rev. St., the firm of Mershom, Brown & Co. acquired, by their purchase of the mantel, (their purpose being expressed, and well understood by the plaintiff,) the right to manufacture mantels of that design, and the defendants, having purchased the mantel in question from Mershom, Brown & Co., are not liable in this proceeding. I do not think the facts and circumstances warrant the conclusion that the plaintiff abandoned his invention, and dedicated it to public use. "An abandonment or dedication may occur within the two years, and at any time down to the procurement of the patent. The mere use or sale of the machine within the two years will not alone nor of itself work an abandonment. The use or sale must be accompanied by some declarations or acts going to establish an intention on the part of the patentee to give to the public the benefit of his improvement." *Pitts* v. *Hall*, 2 Blatchf. 229. And although evidence had been given in that case that on several occasions the patentee had expressed a determination not to take out a patent, but to give the public the benefit of his invention, the court held that this would not amount to an abandonment, saying:

"There must be something more than mere words to fasten upon him the intention which, in judgment of law, would work an abandonment. There must be acts. The invention is his property as much as his farm, and the mere expression of an intention not to take measures for the purpose of securing to himself exclusive enjoyment of this property, or mere declaration of an intent to dedicate to public use, cannot be regarded as equivalent to actual dedication. The abandonment or dedication, too, operates in the nature of a forfeiture of a right, which the law does not favor, and should be made out beyond all reasonable doubt."

To the same effect is the decision in the case of *Jones* v. *Sewall*, 3 Cliff. 563, as also that in the case of *Mellus* v. *Silsbee*, 4 Mason, 111. In the present case there is no evidence either of acts or declarations to sustain the defendants' proposition that plaintiff gave or dedicated his invention to the public.

There remains, however, the question whether Mershom, Brown & Co. acquired the right, by their purchase, to manufacture and sell mantels bearing the plaintiff's design. Section 4899, Rev. St., provides that every person who purchases of the inventor, or with his knowledge or consent constructs, any newly invented machine or other patentable article, prior to the application of the inventor for a patent, shall have the right to use, and vend to others to be used, the specific thing so made or purchased, without liability therefor. In *McClurg* v. *Kingsland*, 1 How. 202, the supreme court held that under section 7 of the act of 1839 the words "any newly invented machine, manufacture, or composition of matter," have the same meaning as "invention" or "thing patented," and the purchaser was put on the same footing as if he had had a special license from the inventor to use his invention, which, if given

before the application for a patent, would justify the continued use after it issued without liability; sustaining the right of the purchaser of the process which was the subject of the patent to its continued use without liability. In the case of *Booth* v. *Garelly*, 1 Blatchf. 247, the patentee, within a few months before his application, sold a button marked with his design upon the open market, at the same time giving notice that he intended to apply for a patent. The court, saying that the question of abandonment was a question for the jury in a trial at law, said that there may be some question whether a sale of the button with the design thereon was a sale of the thing invented within the meaning of the act; that the patent was not for a new and ornamental button, but for a new and ornamental design in the manufacture of the article; that the design was worked on the face of the button, and might perhaps be sold with it. In this view a sale of the button would be a sale of the design,— the thing patented,—and not simply of the product of the invention. In *Adams* v. *Burks*, 17 Wall. 453, the court say:

"The right to sell and the right to use are each substantive rights, and may be granted or conferred separately by the patentee; but in the essential nature of things, when the patentee, or the person having his rights, sells a machine or instrument whose sole value is in its use, he receives the consideration for its use, and he parts with the right to restrict that use."

"The implied license that is inferred from the acts and dealings of the parties is in the nature of an estoppel to prevent what would be gross injustice, if not fraud." *Montross* v. *Mabie*, 30 Fed. Rep. 234; 2 Rob. Pat. § 834. In *Pitts* v. *Hall, supra,* the court say:

"It is insisted on the part of the defendant that the patentee should be bound by his declarations, and evidence has been given that on several occasions he expressed a determination not to take out a patent, but to let the public have the invention. Undoubtedly a person acting on these declarations would not be liable to the patentee, because the patentee would be estopped from denying the license thus given."

In the present case the mantel purchased by Mershom, Brown & Co. was only valuable to them because of the design; it was purchased by their agent with the express intention on their part, made known to the plaintiff, of manufacturing mantels of similar design; and, knowing all this, the plaintiff, without any warning that he intended to apply for a patent, and that they would not be permitted to manufacture and sell mantels of his design, sold the mantel to them. In doing this he really sold them the design, the only value of which to the purchasers was the right to use it, and he parted with the right, as against Mershom, Brown & Co., to restrict that use. As the mantels sold by the defendants were purchased by them from Mershom, Brown & Co. the defendants had the right to resell them, (*Wade* v. *Metcalf*, 129 U. S. 202, 9 Sup. Ct. Rep. 271;) and, this being the only evidence of infringement on the part of defendants, the bill must be dismissed. This conclusion renders it unnecessary to pass upon the numerous other questions raised in the case. Let a decree be prepared accordingly.