## RIPLEY *v.* ELSON GLASS CO.

### *(Circuit Court, S. D. Ohio, E. D.* March 12, 1892.)

**1. DESIGN PATENTS—ANTICIPATION—GLASS BOTTLES AND JARS.**

Design patent No. 17,243, issued April 5, 1887, to Daniel C. Ripley, for footed bottles and jars, consisting of a spherical body, a figured ring-neck, covering a zone of the body, and having a raised pattern on its entire surface, was not anticipated by certain designs having a general resemblance thereto in shape, but lacking the raised ornamentation of the neck.

**2. SAME—EVIDENCE—METHOD OF PRODUCING.**

Although the suit does not involve the method of producing the result, yet, in considering the question of anticipation, the court may properly take into consideration the fact that the patentee invented the method of making articles of glassware having a "blown" body and a "pressed" neck, thereby rendering possible the raised ornamentation of the neck in the patent.

**3. SAME—CONSTRUCTION—INTERPRETATION OF WORDS.**

The words of the claim and specifications which refer to the body of the vessel as "globe-shaped" or "spherical" must be taken in their ordinary, rather than their mathematical, signification, and infringement cannot be avoided by merely elongating the body so as to render it an ovoid, rather than a sphere or globe.

**4. SAME—TEST OF INFRINGEMENT—GENERAL RESEMBLANCE.**

In determining whether a design patent is infringed, the test is whether there is a substantial similarity in appearance; not to the eye of the expert, but to that of the ordinary observer, giving such attention as would ordinarily be given by a purchaser of the article bearing the design.

**5. SAME—PENALTY.**

Where the infringement of a design patent is deliberate and intentional, the court will impose upon the defendant the penalty of $250 provided for by Act Feb. 4, 1887.

In Equity. Suit by Daniel C. Ripley against the Elson Glass Company for infringement of a patent. Decree for complainant.

*W. Bakewell & Sons* and *T. B. Kerr,* for complainant.

*F. L. Dyer* and *J. D. Elson,* for respondent.

JACKSON, Circuit Judge. This suit is brought for the alleged infringement of design patent No. 17,243, issued April 5, 1887, to Daniel C. Ripley, the complainant, "for a new and original design for glass bottles and jars." After referring to Figs. 1 and 2 of the accompanying drawings, the specifications state that—

"The characteristic feature of my design consists of the globe-shaped body, *b*, and figured ring or neck portion, *a*, surmounted on a zone of the spherical body, *b*. The figured portion consists of a raised pattern, covering the whole surface of the ring, *a*; but the heads, *d*, may be omitted, as shown in Figure 2. The body, *b*, has a foot, *c*. A suitable stopper, *e*, is used with some articles, and with others it is not. It therefore is not to be considered necessary to my design, which is applicable to bottles, jars, pitchers, and similar footed articles."

The first claim based thereon is as follows:

"The design for footed bottles and jars, consisting of the spherical body, *b*; the figured ring-neck, *a*, covering a zone of the body, *d*; the ring having a raised pattern on its entire surface, as shown and described."

Infringement is charged only as to this first claim of the patent. The defenses set up by respondent in its answer are: *First,* invalidity of the

patent, because anticipated by certain prior designs; and, *secondly*, non-infringement.

After a careful examination and consideration of the evidence introduced on both sides, which it is not deemed necessary to review or set out in detail, the conclusions reached by the court upon the whole case are the following, viz.:

1. That the defense of invalidity and lack of invention in the patent sued on is not sustained. The sugar-caster shown on plate 9 in defendant's exhibit "Albert Jacquemort's Publication," and the glass pitcher, shown on page 291 of defendant's exhibit "Hamm's Catalogue," chiefly relied on to establish this defense, while resembling to some extent the jar embodying complainant's design, cannot properly be said to anticipate the latter's patent. Defendant's expert witnesses find some general resemblance between said articles and the patent, aside from or without considering the ornamentation of the latter. But it would be giving to complainant's design too narrow a construction to limit and confine it to the exact conformation of jar shown in the drawings accompanying the specifications of the patent, and to ignore the ornamentation of the pressed neck, surmounting the zone of the globe or spherical shaped plain body. The design does not consist in the precise shape of the body of the jar, nor in the body with the neck attached, independent of the ornamentation upon the latter, but is found in the artistic association of all three features, which present agreeable contrasts, and render the article of manufacture attractive to the eye. Thus considered, it would violate all sound principle to disregard the pressed neck ornamentation, intended to promote, and, by its contrast with the plain body of the article, actually promoting, æsthetic effect, so as thereby to open the way to destroy the design by showing that other features were previously in use. It is well settled that the patent is *prima facie* evidence of novelty and validity, which presumption is only to be overcome by clear, positive, and unequivocal proof. *Miller* v. *Smith,* 5 Fed. Rep. 359; *Thayer* v. *Hart,* 20 Fed. Rep. 693; *Lehnbeuter* v. *Holthaus,* 105 U. S. 96. Applying this rule to defendant's exhibits in connection with the other testimony in the case, the court is clearly of the opinion that complainant's patent was not anticipated thereby. On the contrary, the *prima facie* evidence of the novelty of the patent, instead of being overcome, is supported and established beyond any reasonable doubt by the evidence introduced on behalf of complainant. It is distinctly shown that complainant was the first to produce a footed globula, or spherical bodied glass jar, having a neck covered with a raised pattern. Prior to the date of his design, no practicable method of making articles of glassware having a "blown" body and "pressed" neck was known. Complainant is shown to have invented the method by which the body of the glass jar or other article of glass could be blown so as to be of a rounded, globular, or spherical shape, and the neck be pressed, thereby exhibiting the ornamentation of raised figures upon the latter, while the two parts—neck and body—united in one integral article. While this suit does not involve the method of producing or accomplishing this result,

it is very properly urged by counsel for complainant that the design should be considered as having originated with the invention of the method for giving it embodiment. But, without going further into details, the entire proof in the case fails to establish the defense of invalidity in the patent sued on.

. 2. That, the patent being valid, the first claim thereof is clearly infringed by the defendant. This, as a question of fact, is fully established, not only by the testimony in the case, but also by the comparison of the exhibits made by the court. It is shown both by inspection and by the proof that defendant's article of manufacture is substantially the same as that of the complainant. Minor differences are pointed out by the ingenuity of experts, but, notwithstanding such differences, there still remains that substantial identity of appearance in the two designs which, under well-settled rules for testing the question, render defendant an infringer. It is not and cannot be questioned that the first jar manufactured by defendant—like the small jar exhibited—was almost an exact imitation of complainant's design. When defendant ceased, upon notice, to manufacture that article, it sought to accomplish the same result, and avoid the admitted infringement, by merely elongating the body of its jar, so as to make it more of oval than globular or spherical in shape. But it is too plain for discussion that complainant's design is not to be limited or restricted to an exact globe or sphere in the body of the jar, but must be extended to any body that is globular or spherical,—pertaining to a globe or sphere. The defendant's large jar is unquestionably spherical in shape, and it is a mere play upon words—making a distinction without any real difference—to call it an oval or ovoid, and thereby escape the charge of infringement. When complainant's specifications and claim refer to the body of the jar being "globe-shaped" or "spherical," these terms are to be understood, according to their natural and ordinary meaning and signification, as indicating and covering a body not mathematically exact in dimension, but comparatively so. The terms are relative, and, as thus employed, embrace any shaped body that is globular or spherical in character, such as an egg or acorn. To test the two designs by the technical mathematical distinction between an oval or ovoid and a globe or sphere, would be not only to place an improper construction upon the language of the patent, but would involve a total disregard of the well-settled principles laid down by the authorities for determining the question of infringement in such cases. Since the case of *Root* v. *Ball,* 4 McLean, 177, (decided in 1846,) the rule applied in such cases is that "it is not necessary, in order to constitute infringement, that the thing patented should be adopted in every particular; but, if the design and figures were substantially adopted by the defendant, they have infringed the plaintiff's right. It is an infringement to adopt the design so as to produce substantially the same appearance." And upon the question of substantial identity or similarity in design patents the test to be employed or applied is not the eye of the expert, but that of the ordinary observer, giving such attention as would ordinarily be given by a purchaser of the article bear-

ing the design. In *Gorham Co. v. White*, 14 Wall. 528, the rule is stated thus:

"We hold, therefore, that if, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same; if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other,—the first one patented is infringed by the other."

The test of infringement in design patents is more analogous to that applied in "trade-mark" cases than to that adopted in respect to patents on mechanism. Testimony of experts is admissible in determining whether two mechanisms are substantially identical; while in design patents, resting almost wholly upon "appearances," the test of sameness is determined by the eye of the ordinary observer, giving such attention as a purchaser usually gives, which is substantially the same principle applied in trade-mark cases. Applying this rule to the present case, the court has, without hesitation or doubt, reached the conclusion that defendant's large jar as now made is an infringement of complainant's patent. The decisions which, in the opinion of the court, fully sustain this conclusion, both on the testimony and inspection of the articles and designs, are the following: *Root v. Ball*, 4 McLean, 177; *Perry v. Starrett*, 3 Ban. & A. 485; *Gorham Co. v. White*, 14 Wall. 511; *Miller v. Smith*, 5 Fed. Rep. 359; *Jennings v. Kibbe*, 10 Fed. Rep. 669; *Wood v. Dolby*, 7 Fed. Rep. 475; *Dryfoos v. Friedman*, 18 Fed. Rep. 825; *Tomlinson v. Manufacturing Co.*, 23 Fed. Rep. 895; *New York Belting & Packing Co. v. New Jersey Car Spring Co.*, 48 Fed. Rep. 556.

3. That defendant's infringement of the first claim of the patent was so deliberate and intentional as to warrant the court, under the act of February 4, 1887, in imposing upon it the payment of the $250, as prayed for in the bill. It follows from the foregoing conclusion that complainant is entitled to the relief sought by his bill, and a decree in his favor is rendered accordingly. The defendant will be enjoined from further infringement, will be charged with the sum of $250, will be taxed with the costs of the suit, and the usual reference for an account to ascertain profits made by defendant or damages sustained by complainant will be directed.