### FRANK et al. v. GEIGER et al.

(Circuit Court, S. D. New York. January 6, 1903.)

1. PATENTS—DESIGNS FOR BEDSTEADS—INFRINGEMENT.

The Frank design patents, Nos. 33,961, 33,962, and 33,963, for designs for end frames of bedsteads, and No. 33,964, for a design for a corner post of bedsteads, *held* valid, and defendants *held* subject to the penalty imposed by section 1 of Act Feb. 4, 1887, 24 Stat. 387 [U. S. Comp. St. 1901, p. 3398], for making a single exposure for sale of bedsteads to which the designs had been applied, after notice in general that the designs had been patented, but which did not distinguish between the several patents, or the design covered by each.

In Equity. Three suits for infringement of design patents Nos. 33,961, 33,962, and 33,963, all for designs for end frames of bedsteads, and No. 33,964, for a design for a corner post of bedsteads, all issued to David Frank January 22, 1901. On final hearing.

Charles C. Gill, for plaintiffs.
John Dane, Jr., for defendants.

WHEELER, District Judge. The patents, although somewhat objected to, seem to be well enough; and infringement by sale, although denied, seems to be fairly made out. The plaintiffs made and sold their bedsteads to the defendants and other jobbers for resale,

and first procured decalcomanie labels for marking them as patented, with the date of these patents, February 19th; and two of the bills of complaint were sworn to February 21, and the other February 26, 1901. The labels are not shown to have been affixed to many of the bedsteads or posts, nor to any that reached the defendants before the suits were brought. The plaintiffs appear to have informed the defendants of the patents and of the infringement, but not till after February 7th; and the defendants appear to have made sales to two persons procured by the plaintiffs to buy, after that and before suit. Such sales to the use of the plaintiffs would not involve or result in any damages to or recoverable by them. The sales would not take the places of any the plaintiffs would have made, or otherwise injure their trade. They merely show an intent to infringe. The act of 1887, 24 Stat. 387, 3 U. S. Comp. St. 1901, p. 3398, makes those who sell or expose for sale any article of manufacture to which a patented design has been applied, without license from the owner, "knowing that the same has been so applied," "liable in the amount of $250," recoverable by the owner of the patent. The proofs do not satisfactorily show that the several patents and infringements were severally distinguished when the defendants were informed by the plaintiffs concerning them, but only that there were patents which the sales of these articles would infringe. These sales procured by the plaintiffs well show one exposure for sale, knowingly, of patented designs, but not of each of the designs of the several patents. Upon this finding, the defendants appear to be liable for $250 for one exposure in all three of the cases, but not in one more especially than in either of the others. The cases are, however, of like nature, between the same parties, and might have been joined in one, and may be consolidated, it appearing reasonable, under Rev. St. § 921, U. S. Comp. St. 1901, p. 685. When consolidated, one recovery on that liability can be decreed.

Causes consolidated. Decree for plaintiffs for $250, with costs.