**SCHELB v. LEONARD et al.**

No. 7093.

Circuit Court of Appeals, Fifth Circuit.
Dec. 1, 1933.

Arthur Lee Moore, of Fort Worth, Tex., for appellant.

Ernest May, of Fort Worth, Tex., for appellees.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

Engendered in petty misunderstandings, this picayune controversy in its long litigious course has already engaged the attention of two District Judges, and now claims ours. Its little tale is this:

Appellant Schelb, having procured a design patent for a model, "Texas Steer," as an automobile radiator ornament, and put it on the market in Fort Worth, selling it under the protection of the patent to Leonard Brothers among others, gave an order to Baker and Ferguson, metal workers, for 100 plates at $80, and furnished them a pattern to go by. Forty dollars was paid, the balance to be paid on delivery of the plates. Dissatisfied with the finish of the plates when delivered, Schelb stopped payment on the check he had given for the balance. Baker and Ferguson having gotten the plates back, as they said, to refinish them to Schelb's satisfaction, undertook, though warned by Schelb not to do it, to get the balance due them by selling them to Leonard Brothers. The ground was well laid here for this to be done by a dispute Schelb had had with Leonard Brothers over their selling the ornaments he had placed with them, at less than $3.50, the retail price fixed by Schelb. This dispute resulted in Schelb's taking his ornaments away, and at the same time warning Leonard Brothers not to purchase the plates from Baker. Because of the state of feeling existing, these warnings, as to both Baker and Ferguson, and the Leonard Brothers, fell on deaf ears. Of the ornaments Leonard bought from Baker, a few were sold at an aggregate price of $18.

This suit, brought for injunction and for damages, resulted. Originally filed on June 24, 1929, for injunction and for an account-

ing for profits and damages, Leonard Brothers answered; Baker and Ferguson defaulted. On May 2, 1932, plaintiff amended to sue for the statutory damages allowed by title 35, § 74 USCA.[1] On that day, Judge Sheppard presiding, a decree was entered condemning all the defendants as infringers, perpetually enjoining them from making, using, or vending plaintiff's design, and continuing the cause to be further tried on the issue of the right to the statutory penalties.

On June 9, 1932, plaintiff obtained a default judgment against Baker and Ferguson for $250 statutory damages, and in January, 1933, the cause coming on to be heard before Judge Wilson against Leonard Brothers, resulted in a decree that plaintiff take nothing.

We think the court erred. Small and pernickety as the controversy has been, it seems to us the right of it under the statute is with plaintiff. Not only is his design to be deemed prima facie patentable, because patented, but he has had a decree not appealed from, against all defendants adjudging it to be so. By default Baker and Ferguson have been adjudged liable for the statutory penalties. Whatever the rights of Baker and Ferguson might have been to protect themselves by establishing and foreclosing a lien on the design plates they had made by plaintiff's order, those rights are not asserted here. All that is asserted is the highly technical defense that the statute in terms applies only to the sale of an article of manufacture, "to which the design shall have been applied without the license of the owner," that here the design was applied on the owner's order, and the statute can have no application. The statute was enacted to meet just such a situation as this, where the very pettiness of the piracy, when the cost of obtaining an accounting is

considered, would but for the statute confer a practical exemption. The statute was enacted to protect inventors against such piracy. It should be, it has been, uniformly enforced as written. Fuller v. Field (C. C. A.) 82 F. 813; Ripley v. Elson Glass Co. (C. C.) 49 F. 927; Frank v. Geiger (C. C.) 121 F. 126; Western Gas Fixture Co. v. Jefferson Glass Co. (C. C. A.) 296 F. 128; Pirkl v. Smith (C. C.) 42 F. 410.

Plaintiff proved sales by the Leonards in substantial violation of the statute, after full warning had been given. No reason appears why its provisions should not be enforced against them.

The decree is reversed, and the cause remanded, with directions to enter judgment in accordance herewith.

---

[1] "During the term of letters patent for a design, it shall be unlawful for any person other than the owner of said letters patent, without the license of such owner, to apply the design secured by such letters patent, or any colorable imitation thereof, to any article of manufacture for the purpose of sale, or to sell or expose for sale any article of manufacture to which such design or colorable imitation shall, without the license of the owner, have been applied, knowing that the same has been so applied. Any person violating the provisions, or either of them, of this section, shall be liable in the amount of $250; and in case the total profit made by him from the manufacture or sale, as aforesaid, of the article or articles to which the design, or colorable imitation thereof, has been applied, exceeds the sum of $250, he shall be further liable for the excess of such profit over and above the sum of $250. And the full amount of such liability may be recovered by the owner of the letters patent, to his own use, in any district court of the United States having jurisdiction of the parties, either by action at law or upon a bill in equity for an injunction to restrain such infringement." Act of Feb. 4, 1887, title 35, § 74 USCA.