[Cited in Re Bush, Case No. 2,222.]

---

HOBSON (MARKSON v.). See Case No. 9,099.

HOBSON (SCAMMON v.). See Case No. 12,434.

---

## Case No. 6,556.

HOCKHOLZER et al. v. EAGER et al.

[2 Sawy. 361.] [1]

Circuit Court, D. Nevada. March 17, 1873.

INJUNCTION IN PATENT CASES—LACHES—INCONVENIENCE TO PARTIES.

1. If there has been no trial of the right at law, plaintiff must show an exclusive possession and exercise of the right before an injunction will be granted.

2. A delay of eighteen months, after knowledge of an infringement, in applying. is of itself good ground for refusing an interlocutory injunction.

3. Where plaintiff will suffer little, and defendant great inconvenience and expense, an interlocutory injunction ought to be denied.

[Cited in Hurlburt v. Carter & Co., 39 Fed. 803; Southwestern Brush Electric Light & Power Co. v. Louisiana Electric Light Co., 45 Fed. 896.]

[This was a bill in equity by Hockholzer and others against Thomas Eager and others.]

Clarke & Wells, for plaintiffs.

Mesick & Wood, for defendants.

HILLYER, District Judge. Suit to enjoin the defendants from infringing a patent granted to the complainants for an improved

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

machine for framing timbers. The case is before the court upon a motion for an interlocutory injunction, and was heard upon bill, answer and affidavits.

By the application of a few well-settled principles, it will appear that the motion cannot be granted. There has never been any trial at law of the validity of the patent, and while there may be a right to an injunction without such trial, the facts which must be shown to establish that right are clearly pointed out by the authorities. Some of the necessary facts are: a patent, long possession, and infringement; and these, when proved, give a prima facie right to an injunction. Curt. Pat. § 414. Something more than a grant of letters patent must be shown; something which, in the absence of a trial at law, may take its place in establishing, or presumptively establishing, the validity of the patent. This may be done by showing an exclusive possession and exercise of the right granted. In proof of such possession it must appear that the patentee after the grant of his exclusive right has proceeded to exercise that right for some years without being disturbed. Orr v. Littlefield [Case No. 10,590]. This he may prove by showing that he has manufactured and sold machines repeatedly, or has sold to others the right to make, vend and use the thing patented, and if the public acquiesce in this exclusive exercise of his right, it affords some ground for presuming that the patent is valid. The complainants have established nothing of this kind. Neither in their bill nor in their affidavits is it shown that, since the grant of their letters patent, they have in any manner exercised the right granted. They have, so far as appears, never since that time made, neither sold nor used a single machine, nor sold the right to do so to others. All that they show is the making and putting in operation of one machine, not in all respects like the one patented, more than a year before the date of their patent; and since that date the use of this machine by the Savage Mining Company. This raises no higher presumption that the patent is valid than that instrument itself furnishes; it does not make even a prima facie case for the patentees on this motion before a trial at law.

Another reason for denying the motion may be found in the length of time the complainants have slept upon their rights, if any, under the patent. The defendant Eager, for more than eighteen months, had been using the machine alleged to be an infringement with complainants' knowledge, and at the very door of one of them, before suit was brought. An interlocutory injunction has been refused for far less laches than this. Curt. Pat. § 417.

In addition to these considerations, it is the duty of the court to regard the comparative expense and inconvenience to which the parties will be subjected in case of granting the injunction on the one hand, or withholding it on the other. The defendants have made and are using but one machine, so that they are neither forestalling the market nor multiplying suits for infringement in the event that the patent is ultimately declared valid. They are now framing with their machinery nearly all of the vast quantity of timber used in the principal mines of Virginia City and Gold Hill. These mines cannot be supplied with framed timber by any other means than their machine, except at greatly increased prices and after much delay. The effect of an injunction would be to close up suddenly the defendants' business, and cause them great damage; and not only this, but would be productive of great expense and inconvenience to third parties. On the other hand, the complainants have no machine in operation; are neither manufacturing nor using any, and practically all they are deprived of is the value of a license to use one machine. Curt. Pat. § 450. Granting or withholding an injunction at this time being very much a matter of discretion, this view of the very injurious effect granting one would have, and the comparatively slight inconvenience to which a refusal will subject the complainants, ought of itself to be decisive against this motion. Having found other satisfactory grounds for a decision, it is unnecessary to construe the patent or notice the question of infringement. The motion is denied, with costs.