## POST and others *v.* T. C. RICHARDS HARDWARE Co.[1]

*(Circuit Court, D. Connecticut.* February 11, 1886.)

1. PATENTS FOR INVENTIONS—DESIGN PATENTS.
    A claim for "a new and original design for a curtain and loop, consisting of an ornamental metallic chain, in connection with a curtain adapted to be gathered to the side of the window and be held by said chain, substantially as described," construed to be, so far as the chain is concerned, for any ornamental metallic chain used to loop curtains.
2. SAME—PATENTABLE DESIGN.
    If the substitution of any metallic loop for a silk or woolen loop for curtains is a "design," within the meaning of the statute, (which point was raised but not decided,) it is clear that it is not a patentable design.
3. SAME—SUBSTITUTION OF MATERIAL.
    The mere substitution of one material for another, in the construction of or for the purpose of an ornament, the ornament to be of any approved form, cannot properly be patentable. There is nothing which the law deems "new" in a mere change of that sort.

In Equity.

*Wm. Edgar Simonds,* for plaintiffs.

*Frank L. Hungerford,* for defendant.

SHIPMAN, J. This is a bill in equity to restrain the infringement of design patent No. 11,947, issued to Edgar S. Gergason, August 17, 1880, for a curtain and loop. The complainant having made profert of the patent, the defendant has demurred upon the following grounds:

"(1) That it appears upon the face of the letters patent recited in the said complainant's bill of complaint that the commissioner of patents exceeded his jurisdiction in granting and issuing said letters patent. (2) Because it appears upon the face of the letters patent, recited in the said complainant's bill of complaint, that said invention or discovery, if any such there be, is not a design within the meaning of the act of congress in such case made and provided, and cannot be protected by letters patent therefor; that is to say, the alleged design is not a 'new and useful design for a manufacture, bust, statue, alto-relievo, or bas-relief;' nor a 'new and original design for the printing of woolen, silk, cotton, or other fabrics;' nor a 'new and original impression, ornament, patent, print, or picture, to be printed, painted, cast, or otherwise placed on or worked into any article of manufacture;' nor a 'new, useful, and original shape or configuration of any article of manufacture.' (3) Because the claim of said design letters patent does not cover any patentable invention, but is for matters and things which do not involve patentable novelty, in view of the well-known prior act, of which the court will take judicial knowledge."

The specification describes the patented design as follows:

"Heretofore curtains have been looped back at the sides, by means of cords or braids, ornamental or otherwise, which have been attached to the sides or casing of the window or door, and passed around the folds of the material. These loops have been made of silk or woolen, or of an inferior material covered with silk or woolen, and have been of a perishable nature, soon becoming frayed and moth-eaten. The leading feature of my design consists in looping back a curtain by means of an ornamental chain in the place of the

[1] Reported by Charles C. Linthicum, Esq., of the Chicago bar.

customary cord. The curtain is of that class which is gathered to one side and looped. The chain consists of a series of links, with a ring at each end, which rings are passed over an ornamental hook attached to the side of the casing of the window or door to which the curtains are applied. One end of the chain can be permanently united to the hook if desired, as it is only necessary to unhook one end to loop or unloop the curtains. * * * My invention is especially adapted to curtains made of heavy, rich, and ornamental silk or woolen goods, and particularly to those which are hung upon metallic bars or supports at the top, the whole presenting a superior symmetry and finish, much more elegant than when the curtains are looped back by cords in the customary manner. The chains can be made of a variety of ornamental forms, and with a high degree of finish, and will retain their beauty for an almost unlimited period of time."

The claim is for "a new and original design for a curtain and loop, consisting of an ornamental metallic chain, in connection with a curtain adapted to be gathered to the side of the window, and be held by said chain, substantially as described."

It will be observed that no new form or shape or fold is given to the curtain, and that the loop has no new form, shape, or impression; but, on the contrary, it may have a variety of forms. It is the old loop of silk or woolen; but it is made of metal. Nothing is requisite except that it shall be metallic and shall be ornamental. The patent is for any ornamental metallic chain used to loop curtains.

The plaintiffs urge, with truth, that the metallic chain is in pleasing contrast with the curtain, and has, in connection with the curtain, a beauty of appearance, and is an ornament to the curtain, and that "the thing invented or produced, for which a [design] patent is given, is that which gives a peculiar or distinctive appearance to the manufacture or article to which it may be applied, or to which it gives form." *Gorham Co.* v. *White*, 14 Wall. 511. It is therefore claimed that the patented thing is a "design," within the meaning of the statute. It is not clear that the substitution of any metallic loop for a silk or woolen loop is a "design" of the character which the statute contemplates; but, without deciding that question, it is clear that if such a change can properly be called a design, it is not a patentable design. The mere substitution of one material for another, in the construction of or for the purposes of an ornament, the ornament to be of any approved form, cannot properly be patentable. There is nothing which the law deems "new" in a mere change of that sort.

The demurrer is allowed.