AMERICAN BELL TEL. Co. *et al.* *v.* SOUTHERN TEL. Co. *et al.*

(*Circuit Court, E. D. Arkansas.* April 17, 1888.)

1. PATENTS FOR INVENTIONS—ACTION FOR INFRINGEMENT—PLEADING.
    The averment, in a bill for injunction against infringement of a patent, that complainant's patent has been adjudicated by another circuit court, and held valid, being in accordance with the rule that a party seeking relief by injunction must first establish his title at law, is proper.
2. SAME.
    The allegation that complainant has a patent, describing it in a general way, coupled with profert of the patent, is sufficient. The profert is equivalent to an averment that he has title to all the rights specifically described in such patent.
3. SAME.
    In a bill for injunction against infringement of a patent, the simple averment that the defendant has infringed, without specifying in what particulars, is sufficient.

In Equity. Bill for injunction against infringement of patent. On exceptions and special demurrer to bill.

*James J. Storrow, John McClure,* and *Eben W. Kimball,* for complainants.
*U. M. Rose, Casey Young,* and *Jefferson Chandler,* for defendants.

BREWER, J. In reference to the matters that were argued yesterday, I have but these few words to say: One of those matters is the exceptions to the bill, for impertinence. The defendants say that the matters contained in said bill, beginning with the words, "The most important in said suits," in section 7, and ending with the words, "are owned by the said respective defendants," at the close of section 24 in said bill, are irrelevant and impertinent. Their challenge is to the substance of those statements, rather than the manner in which they are made. They are averments of the fact of prior adjudications on the validity of the patents. This is a bill for injunction; and the old equity rule—a rule which is not enforced, perhaps, with the same strictness, or in as many cases now, as formerly—is that a party must establish his title at law

before he comes into equity for injunctive relief; and it is in carrying out that idea that these averments are introduced, and commonly introduced, into bills for injunction, because the complainant's title of course is his patent. When he has an adjudication elsewhere that it is valid, while it may not be conclusive,—of course is not conclusive,—and may not be any evidence as to whether the defendant has infringed, yet it is an adjudication in favor of and sustaining his title. He has a judgment or decree, and, as the patent is a grant from the federal government of certain rights,—a grant which depends not at all upon any local statute or state law for validity or extent,—whenever anywhere in the United States, by any circuit court, there is an adjudication that the patent is valid, it is an adjudication which, though not conclusive upon any other circuit court, is certainly very persuasive upon all; and this, because there should be a uniformity of ruling as to the validity and extent of a title given by a patent granted by the government. When a party comes in applying for injunctive relief in a patent case, it is the commonest thing in the world for him to aver that his patent has been adjudicated elsewhere by some circuit court, as showing that there has been such an adjudication upon the validity of his title as may justify a court in granting a preliminary injunction. It is only in carrying out that idea that those averments are introduced; and it seems to me, both upon reason and upon the general practice in patent cases, that it must be held that such averments are proper, and the exceptions to them should be overruled. *Parker* v. *Brant*, 1 Fish. Pat. Cas. 58; *Manufacturing Co.* v. *Rubber Co.*, 3 Sawy. 542; *Tilghman* v. *Proctor*, 102 U. S. 707.

So far as respects the other matter,—the special demurrer to the bill,—the bill alleges that the complainant has a patent, giving number and date, and, in a general way, that it is one for the process of telephonic transmission of words, and makes profert of the patent. The weight of authority is that the profert of any recorded instrument is equivalent to annexing a copy, (*Bogart* v. *Hinds*, 25 Fed. Rep. 484, and cases cited; *Post* v. *Hardware Co.*, 26 Fed. Rep. 618;) and if a party avers that he holds title to anything by a certain instrument, which he annexes, and that instrument both grants the title and describes the full extent of the rights conferred,—and the patent does that; it is a grant from the government, and it describes exactly and specifically what is granted,—it is equivalent to an averment that he has title to all the rights specifically described in such instrument. It would not be assisted or strengthened by seperate averments that he held a right to this claim and that claim, enumerating them specifically. He avers that he has title to all when he says that he has a patent which contains all. I should think, therefore, both upon principle as well as upon authority, that that objection ought to be overruled. On authority, the other objection must also be overruled; that is, the objection that there is simply a general averment that the defendant infringes. It is not so easy to sustain that upon principle, because, as was well stated by counsel here, the exactness and certainty of equity pleadings would seem very properly to require that, instead of a simple averment that the defendant has infringed, particu-

larly in a case where a patent covers many claims,—in this case also covering both a process and an apparatus,—it would narrow the inquiry if the averments were made specific that the infringement was in reference to one claim, and not in reference to the rest. Still, whatever might be the decision if the matter was open to question, the practice is very general in bills in patent cases to simply aver that the defendant has infringed. Practically, so far as the present application is concerned, the certainty which is desired will be made patent by the facts that are presented in the moving papers; and practically, too, in all litigation before the question comes up for final hearing, the exact point of the infringement is so developed, by the testimony or otherwise, that the parties are not misled. So, while as a matter of principle it may not be so easy to sustain this practice, yet, in view of the great weight of authority as to the form of pleadings that are sufficient in patent cases, this objection must also be held not well taken, and the special demurrer will be overruled. *Pitts* v. *Whitman*, 2 Story, 609; *Turrell* v. *Cammerrer*, 3 Fish. Pat. Cas. 462; *Haven* v. *Brown*, 6 Fish. Pat. Cas. 413; *McMillan* v. *Transportation Co.*, 18 Fed. Rep. 260; *McCoy* v. *Nelson*, 121 U. S. 484, 7 Sup. Ct. Rep. 1000.