GERMAIN et al. v. WILGUS.

(Circuit Court of Appeals, Ninth Circuit. March 1, 1895.)

No. 207.

1. PATENTS—INFRINGEMENT SUITS—SUFFICIENCY OF BILL—PROFERT OF PATENT.
A bill for infringement will not be held bad for want of a sufficient description of the invention, where it makes profert of the letters patent, although the same are not annexed to the bill.

2. SAME—EQUITY JURISDICTION.
A bill for a mere account of profits and damages against an infringer, or which prays an injunction, but without alleging public acquiescence in plaintiff's rights, or that the patent had been sustained in an action

at law, or that there were grounds for discovery, cannot be sustained in equity, as it does not show that complainant's rights may not be enforced in an action at law.

**3. SAME—ENJOINING ACTION AT LAW.**

A bill for infringement, which, among other things, seeks to enjoin defendant from prosecuting an action at law against complainant for alleged infringement of a patent owned by defendant, cannot be sustained in respect to such injunction, where the only grounds set forth are that complainant will be put to great expense in such action for attorney's fees and other costs and expenses, and that he is informed and believes that defendant will be unable to pay the same.

**4. SAME—PLEADING—"PROFERT" DEFINED.**

The word "profert," as now used, does not necessarily imply that the recorded instrument pleaded is annexed to the bill, or actually produced to the court, and it may in fact be retained in complainant's own custody.

Appeal from the Circuit Court of the United States for the Southern District of California.

This was a bill by Eugene Germain, Isaac B. Newton, and William H. Mitchell against Daniel Wilgus, for infringement of a patent granted to Clement Gauthier, July 17, 1888, for an improvement in atomizers. The circuit court sustained a demurrer to the bill for want of equity, and, complainants having declined to amend, entered a decree dismissing the bill. Complainants appeal.

Appellants filed in the United States circuit court for the Southern district of California, Ninth circuit, a bill in equity praying an injunction against the defendant, restraining him from making or using any specimen of a certain patented apparatus named in the bill, and also to enjoin an action at law instituted by appellee against appellants, in which appellee claimed that appellants were infringing a certain patent right granted to him. The bill sets forth that Clement Gauthier, of Narsas, in the republic of France, was the true, original, and first inventor of a certain new and useful apparatus, named in the patent therefor as "Improvements in Atomizers"; that said Clement Gauthier on the 7th day of March, 1890, assigned all his right, title, and interest in said invention, for all the states and territories of the United States, to W. H. Mitchell, of Los Angeles, Cal.; that subsequently said Mitchell assigned an interest therein to appellants Germain and Newton; that a patent for said invention was granted to the said Gauthier by the United States, and letters patent delivered to him therefor, on the 17th day of July, 1888. Then there follows this part of said bill, which sets forth the equities which appellants claim entitle them to the relief prayed for, namely: "And your orators further show, on information and belief, that the said defendant, on and after the 9th day of June, 1890, and up to the commencement of this action, and within the term of seventeen years mentioned in said letters patent and after the granting of said letters patent, and after the said assignment of Eugene Germain and I. B. Newton, and within those parts of the United States covered by the said grant to Clement Gauthier, and, afterwards assigned to your orators as aforesaid, unlawfully, wrongfully, and injuriously, and with intent to derive profit from making and using said apparatus, and to deprive your orators of the royalties which they might and otherwise would have derived from the sale of rights to make and use specimens thereof, and without the license of your orators or the said Clement Gauthier, or either of them, and against the will of your orators, did make and did use, and did cause to be made and did cause to be used, sundry specimens of said apparatus, and of machines which contained and employed substantially the invention covered by said letters patent, in infringement of the said exclusive right secured to the said Clement Gauthier by the letters patent aforesaid, and granted by him to W. H. Mitchell, and then to your orators, as hereinbefore set forth, but how many such specimens the defendant so made and used, or caused to be made and used, your orators are ignorant, and cannot set forth; but your

orators aver, on information and belief, that defendant so made and used, and caused to be made and used, a large number thereof, and that he derived large profits therefrom, but to what amount your orators are ignorant, and cannot set forth, and that your orators have been deprived of large royalties by reason of the aforesaid infringement of the defendant, and have thus incurred large damages thereby. And your orators further show that the defendant is claiming the right to make and use, and cause to be made and used, specimens of said apparatus, and of machines which contain and employ substantially the invention covered by said letters patent, under a patent issued to him subsequent to said patent theretofore issued to said Clement Gauthier. And your orators further show that said defendant has commenced an action at law against your said orators, Eugene Germain, Isaac B. Newton, and William H. Mitchell, in the circuit court of the United States for the Southern district of California, in the Ninth circuit, for damages by reason of the use and sale of sundry specimens of said apparatus, and of machines which contain and employ substantially the invention covered by said letters patent theretofore issued to said Clement Gauthier. And your orators further show that said action is now pending and undetermined in said court, and, if defendant is permitted to prosecute said action, it will put plaintiffs to great expense for attorney's fees, and to other costs and expenses, in the preparation for and trial of said cause. And your orators further show, on information and belief, that the defendant is unable to pay plaintiffs their costs and expenses in said action at law, in the event of its further prosecution to final hearing and judgment, and determination against him. And your orators further show that they fear, and have reason to fear, that, unless the defendant is restrained by a writ of injunction issuing out of this court, defendant will continue to prosecute said action at law, and to make and use numbers of specimens of said apparatus, and thereby will cause irreparable injury to your orators' aforesaid exclusive rights." The appellee demurred to this bill on the ground "that said complainants have not, by their said bill, made such a case as entitles them, in a court of equity, to any relief against defendant." The court sustained this demurrer, gave appellants permission to amend their bill, which they declined to do, and thereupon the court entered a decree dismissing the bill at appellants' cost. This is assigned as error.

Stephen M. White, Charles Monroe, and Graff & Latham, for appellants.

Cole & Cole, for appellee.

Before GILBERT, Circuit Judge, and KNOWLES and BELLINGER, District Judges.

KNOWLES, District Judge (after stating the facts as above). One of the principal points urged against the bill of complaint herein is that it does not sufficiently describe the invention in the bill. It is urged that it should be so fully described as to apprise the court of its nature and character. Considering the allegations of the bill, we would be inclined to hold that the objection thereto was well taken, were it not for the fact that, in the bill, allegations of a profert of the letters patent under which appellants claim were made. It is true, a copy of such letters was not annexed to the bill. In Black's Law Dictionary it is, however, stated of the term "profert": "An allegation formally made in a pleading, where a party alleges a deed, that he shows it in court, it being in fact retained in his own custody." As originally understood, perhaps, the term implied that as a fact the written instrument pleaded was produced in court and read, or a copy thereof annexed to the pleading. In the case of Bogart v. Hinds, 25 Fed. 484, it was said:

"The weight of the opinion is in favor of the proposition that, where profert is made of a recorded paper, it is, for all purposes, presented to the court as part of the pleading, and an objection thereto may be taken by demurrer."

See, also, Post v. Hardware Co., 26 Fed. 618.

In the case of American Bell Tel. Co. v. Southern Tel. Co., 34 Fed. 803, Justice Brown said:

"The weight of authority is that the profert of any recorded instrument is equivalent to annexing a copy * * *; and if a party avers that he holds title to anything by a certain instrument which he annexes, and that instrument both grants the title and describes the full extent of the rights conferred, * * * it is equivalent to an averment that he has title to all the rights specifically described in such instrument."

Under these authorities, it is evident the bill was not subject to the objection urged.

There is, however, more serious objection to the bill. In the case of Root v. Railway Co., 105 U. S. 189, the supreme court, after an exhaustive discussion of the matter, said:

"Our conclusion is that a bill in equity for a naked account of profits and damages against an infringer of a patent cannot be sustained; that such relief ordinarily is incidental to some other equity, the right to enforce which secures to the patentee his standing in court; that the most general ground for equitable interposition is to insure to the patentee the enjoyment of his specific right by injunction against a continuance of the infringement."

It is not denied in this case but that there may be other grounds for equitable relief than the right to an injunction which would justify a circuit court, sitting as a court in equity, in trying a patent case, and, as an incident to the equitable matters presented in the bill, take an accounting of the profits and revenues of which the patentee may have been deprived by the infringement of his patent, and also the validity of the patent and the fact of infringement. Before any of these matters, however, can be considered, the bill must clearly present some ground for the interposition of a court of equity. There are several decisions of United States circuit courts of acknowledged standing which hold that a circuit court, sitting as a court of equity, had the power, under a grant given in an act of congress, to try the validity of a patent and the fact of infringement concurrently with courts of law, and that no special equitable grounds were required in the bill. Since the decision in the above case of Root v. Railway Co., the decisions in the circuit courts of the United States have been uniformly the other way. Smith v. Sands, 24 Fed. 470; Adams v. Iron Co., 26 Fed. 324; Brooks v. Miller, 28 Fed. 615. In the case of Clark v. Wooster, 119 U. S. 323, 7 Sup. Ct. 217, the supreme court said:

"It is true that where a party alleges equitable ground for relief, and the allegations are not sustained, as where a bill is founded on an allegation of fraud which is not maintained by the proofs, the bill will be dismissed in toto, both as to the relief sought against the alleged fraud, and that which is sought as incidental thereto."

There would be a more sure ground for dismissing a bill where no allegations showing an equity which would be recognized in a court of equity were presented therein.

There is a prayer for an injunction presented in the bill before us. It is important, however, to determine whether there are sufficient facts presented in the bill to warrant the court in granting this prayer. There are no allegations showing that this patent right of appellants had been long recognized by the public; no allegations showing that its validity had ever been determined in an action at law. There are no allegations showing grounds for a discovery. In fact, it does not appear but that every important question presented in the bill could be tried as well at law as in equity. In the case of Gutta-Percha & Rubber Manuf'g Co. v. Goodyear Rubber Co., 3 Sawy. 542, Fed. Cas. No. 5,879, Judge Sawyer thus presents this matter, in considering the bill in that case:

"There is no allegation that the matter has ever been litigated before and decided in favor of complainant, and no allegation in the bill that the right of complainant has been submitted to or recognized by the public. The bill, as an injunction bill, is defective in this particular."

In the case of Hockholzer v. Eager, 2 Sawy. 361, Fed. Cas. No. 6,556, the court, while acknowledging that it is not always necessary that the bill for an injunction should show that there had been a trial at law testing the rights of the patentee and the validity of his patent, said:

"Something more than a grant of letters patent must be shown,—something which, in the absence of a trial at law, may take its place in establishing the validity of the patent."

We think the view taken in these cases is in accordance with the general view entertained in courts of equity in regard to bills in equity, in patent cases, asking for an injunction. Walk. Pat. § 660; Story, Eq. Jur. § 934. In this case the bill shows that the right claimed by the appellants in regard to their patent is being contested in a court of law in a suit instituted by appellee. In this case at law the appellee claims rights under a subsequent patent to that under which appellants assert their right. The bill prays that this action at law be enjoined. The only ground set forth in the bill in support of this prayer is that appellants will be put to great expense for attorney's fees, and to other costs and expenses, in the preparation for and trial of said cause. And, upon information and belief, it is stated that appellee will be unable to pay said costs and expenses incurred by appellants, and it is further alleged, unless enjoined, he will continue to prosecute said suit. Notwithstanding this belief that appellee would be unable to respond for their costs and expenses, he is made a party to this suit, and asked to litigate the very questions sought to be litigated in the said action at law, together with other questions. The most usual ground presented to a court of equity, upon which to base its action for an injunction to enjoin an action at law, is some equitable right which cannot be made available at law. If no such right is presented,—and we find none in this bill,—the parties should be allowed to proceed in the action at law. In fact, a party having legal rights, unless some interposing equitable right is presented, has a constitutional guaranty that the facts he presents for determination shall be tried by a jury. We find no equity presented in

this bill which would give the circuit court, as a court of equity, any jurisdiction of the case presented thereby. The decree of the court below is therefore affirmed, with costs.