## RUSSELL v. WINCHESTER REPEATING ARMS CO.

(Circuit Court, D. Connecticut. June 5, 1897.)

**1. PATENTS—PLEADING—MULTIFARIOUSNESS.**

A bill based on several patents is multifarious, if it does not appear therefrom that the several improvements covered by such patents are or have been all conjointly used by defendant, or are or have been all embodied for conjoint operation and use in one machine, device, article, or apparatus.

**2. SAME—PATENT WITH NUMEROUS CLAIMS—COMPELLING ELECTION.**

When a bill is based upon a patent containing numerous claims relating to different groups of elements, the complainant may, on motion therefor, be required to specify the particular claims in respect to which he will attempt to prove infringement.

George D. Watrous and Harry G. Day, for complainant.

Charles R. Ingersoll and George D. Seymour, for defendant.

SHIPMAN, Circuit Judge. This suit was brought on four patents, namely, No. 230,823, dated August 3, 1880; No. 295,285, dated March 18, 1884; No. 295,286, dated March 18, 1884; No. 501,367, dated July 11, 1893. The bill of complaint was demurred to, and the following reasons of demurrer assigned:

"First. That the bill of complaint is multifarious, in that suit is thereby brought against this defendant for four separate and distinct matters and causes, to wit: (1) For an infringement of letters patent No. 230,823, for an alleged improvement in breech-loading guns; (2) for an infringement of letters patent No. 295,285, for an alleged improvement in magazine guns; (3) for an infringement of letters patent No. 295,286, for other alleged improvements in magazine guns; and (4) for an infringement of letters patent No. 501,367, for other alleged improvements in magazine guns,—of which said several letters patent profert is made by said bill. That these several alleged infringements and matters of controversy cannot be properly joined in one suit, and that the defendant, being, by this bill, required to litigate four distinct and independent controversies in this one suit, is thereby put to great and serious inconvenience and disadvantage, contrary to equity, and is prevented from making proper answer thereto, as it is rightfully entitled. That it nowhere in said bill of complaint appears, nor is it therein anywhere averred, that the complainant has at any time used all said several alleged inventions set forth in said several letters patent by embodying the same in one and the same breech-loading magazine gun or other machine, device, article, or apparatus for conjoint operation and use therein, or that all said several alleged inventions are practically capable of being so embodied for successful conjoint use. That it nowhere in said bill of complaint appears, nor is it anywhere averred, that the several alleged improvements set forth in said several letters patent are or have been at any time all conjointly used by the defendant in infringement of said several letters patent, or are or have been, by the defendant, all embodied, for conjoint operation and use, in one and the same breech-loading magazine gun or other machine, device, article, or apparatus, in infringement of said several letters patent. Second. That the bill of complaint, so far as the letters patent numbered 230,823 enter into the matters complained of therein, or are made the subject of the relief prayed for by the complainant, is without equity, and this court is without jurisdictional power to grant the relief prayed for therein for the reason that it appears by the bill of complaint that said letters patent No. 230,823 expired long before the filing of said bill of complaint, to wit, on the 3d day of August, 1897."

The demurrer was argued May 1, 1899, before Judge Shipman, who allowed it, and signed the following order:

"Upon a hearing of the demurrer filed it is ordered that the demurrer is sustained for these reasons: (1) That it nowhere in said bill of complaint appears that the several alleged improvements set forth in said several letters patent are or have been at any time all conjointly used by the defendant in infringement of said several letters patent, or are or have been by the defendant all embodied for conjoint operation and use in one and the same breech-loading magazine or other machine, device, article, or apparatus, in infringement of said several letters patent. (2) That the bill of complaint, so far as the letters patent numbered 230,823 enter into the matters complained of therein, or are made the subject of the relief prayed for by the complaint, is without equity, for the reason that it appears by the bill of complaint that the said letters patent No. 230,823 expired long before the filing of said bill of complaint, to wit, on the 3d day of August, 1897. Leave is given to amend the bill within thirty days upon payment of costs."

The bill was then amended, and limited to patent No. 501,367, dated July 11, 1893, containing 37 claims. The defendant then gave notice of a motion for "an order requiring the complainant to amend his amended bill of complaint by specifying those claims of the thirty-seven claims of the patent in suit, No. 501,367, under which he will attempt to prove infringement by the defendant, so that the defendant may be guided in answering the said amended bill of complaint, and relieved of the burden of answering as to a number of claims not infringed and not claimed to be infringed." This motion was argued June 17th before Judge Shipman, who on that day signed the following decision and order:

"It appearing that the patent now sued upon contains thirty-seven claims, which relate to different groups of elements, and that the complainant has heretofore entered into a stipulation that the defendant's answer may relate to five claims only, and that it may amend its answer if infringement of other claims is drawn in question in the prima facie case, which stipulation has never been filed, and is no longer in force; and it further appearing that it is unreasonable to require the defendant to make search for and prepare an answer in regard to all the claims of said patent, and that it is reasonable that the complainant shall be required to inform the defendant of the claims alleged to have been infringed: It is ordered that the complainant shall, within thirty days from June 17, 1899, specify in his bill of complaint the claims which he alleges to have been infringed by the defendant, and that the defendant shall answer said bill within thirty days after such amendment or statement has been filed, and that, if the complainant shall subsequently, and before the prima facie case has been closed, ascertain that other claims should have been included, he has leave to apply to the court for further amendment of his bill."

Thereupon the plaintiff again amended his bill of complaint by specifying the claims alleged to be infringed.