MORTON TRUST CO. v. AMERICAN CAR & FOUNDRY CO.

(Circuit Court, D. New Jersey. February 24, 1903.)

**1. PATENTS—SUIT FOR INFRINGEMENT—PLEADING.**
   While a bill for infringement of a patent is sufficient in form, on demurrer, if infringement is alleged in general terms without specifying the particular claims supposed to be infringed, yet where the patent sued on contains a large number of claims relating to different details of construction, the court, on motion, may properly require the complainant to specify the particular parts of defendant's structure claimed to infringe, and the claims upon which the allegation of infringement is based.

In Equity. Suit for infringement of patent. On motion by defendant to have the charge of infringement in the bill made more specific.

Paul Bakewell, for the motion.
W. C. Strawbridge, opposed.

ARCHBALD, District Judge.* A bill for the infringement of a patent is undoubtedly sufficient in form, on demurrer, if infringement is alleged in general terms, without specifying the particular claims against which the defendant is supposed to offend. 3 Robinson on Patents, 430; American Bell Telephone Company v. Southern Telephone Company (C. C.) 34 Fed. 803. This is a long-established practice, and is not now open to question, although it has been reluctantly followed in several cases. It probably comes down to us as a precedent from the day when patents were general in form, and no specific claims, as now, were formulated. But this is not a demurrer, but simply a request for more particulars. The patent in suit is made up of 28 separate claims, each of which has to do with details of construction in a metallic railway car. The defendants may infringe them all if they infringe any, but it is not likely, nor to be assumed; and to prepare for defense to such an omnibus charge is necessarily burdensome. On the other hand, it is no hardship on the plaintiffs to compel them to specify. They are supposed to have definite information as to the extent and character of the defendants' infringement, and are not entitled to begin proceedings without it. Every patent suit, as a rule, comes down to the assertion of some one claim or group of claims, and where, as in the present instance, the claims are exceedingly numerous, the narrowing process ought to begin as soon as possible. Not only is this for the relief of the defendant, but it operates to prevent the accumulation of a voluminous and unnecessary record for the court to labor with. Nor is the present motion without authority to sustain it (Russell v. Winchester Repeating Arms Company [C. C.] 97 Fed. 634); and, while the practice may not have been adopted in this circuit (Johnson v. Columbia Phonograph Company, 106 Fed. 319), the present seems an appropriate time in which to do so.

It is therefore ordered that the plaintiffs within 30 days from this date specify the particular parts of the defendants' car or car construction that are relied upon as infringements of the patent in suit, and

* Specially assigned.

the several claims which they are alleged to infringe, the defendants to be allowed 30 days thereafter to make answer; and if the plaintiffs subsequently, and before their evidence in chief has been closed, shall ascertain that other claims than those so specified have been infringed, and should have been included, they may apply to the court for leave to enlarge and amend accordingly.