PETERS v. CHICAGO BISCUIT CO. et al.

(Circuit Court, N. D. Illinois, E. D. January 19, 1906.)

No. 27,869.

1. PATENTS—SUIT FOR INFRINGEMENT—PERTINENCY OF ALLEGATIONS IN BILL.
In a bill to enjoin infringement of a patent, allegations setting out proceedings in other courts with reference to the patent, the granting of foreign patents thereon, and acquiescence therein in this and other countries, are proper, as going to the question of acquiescence, and are material, as tending to establish a presumptive right on an application for a preliminary injunction.

2. SAME—DEMURRER FOR LACK OF INVENTION.
A demurrer to a bill for infringement on the ground of lack of invention will not be sustained, except in a clear case, and the decisions of courts in other jurisdictions are not so conclusive as to control on such demurrer.
[Ed. Note.—For cases in point, see vol. 38, Cent. Dig. Patents, §§ 536, 538.]
Demurrer for want of novelty or invention in patent infringement suits see note to 19 C. C. A. 595.]

3. SAME—EQUITY JURISDICTION—ADEQUATE REMEDY AT LAW.
Allegations in a bill for infringement that complainant derives his benefit from his patent through limited granting of licenses does not deprive equity of jurisdiction by showing that he has an adequate remedy at law where it does not appear that there is a fixed license fee for all users.

In Equity. On demurrer to bill.

Offield, Towle & Linthicum (Earl D. Babst, of counsel), for complainant.

Elbridge Hanecy and Chas. H. Mitchell (Paul Bakewell and Fredk. R. Cornwall, of counsel), for defendant.

KOHLSAAT, Circuit Judge. The bill herein was filed to enjoin defendants from infringing patent No. 621,974, granted to complainant March 28, 1899, for a carton suitable for packing and keeping fresh crackers and similar products. It is urged for defendants that the allegations of the bill setting out proceedings in various courts with reference to this patent and those reciting the granting of foreign patents thereon, as well as the acquiescence therein in Canada and this country are impertinent, and therefore should be stricken out. While they are not conclusive evidence and would seem to be of little importance if any upon final hearing, yet they go to the question of acquiescence and are material for the purposes of a motion for a preliminary injunction. It was held to be a proper matter for the bill by Justice Brewer while at the circuit, in the case of American Bell Telephone Co. (C. C.) 34 Fed. 804. Robinson on Patents, vol. 3, par. 1206, says of the bill:

"It must set forth the judgments, public acquiescence or equivalent facts upon which the presumption of his right is based."

Such has, so far as I am advised, been the practice of the courts of this circuit. The exceptions will therefore be overruled.

Under the allegations of the bill, the court would not be justified in disposing of the bill, upon the grounds set out in the first and second specifications of the demurrer, which seek to have the bill dismissed for want of equity appearing upon its face. This requires the court to find the patent devoid of novelty from the allegations of the bill itself. The decisions of the courts of other jurisdictions are not so conclusive here as to control. Nor should the court in a case like this pass upon questions of fact without affording complainant an opportunity to produce the evidence of experts and others skilled in the art. A demurrer for want of invention will be overruled except in a clear case. Walker on Patents, § 599, and cases cited.

The other ground of demurrer asserts that a complete and adequate remedy exists at law. The bill sets out that complainant derives his benefit from his patent through limited granting of licenses. That fact does not deprive him of his rights as patentee. He reserves the ownership in himself. It is conceivable that a case might arise wherein it would be practicable to recover at law, as, for instance, where there is a fixed license fee for all users. It does not appear in the case at bar that such is the fact here. There is no basis stated for the ascertainment of damages in a suit at law. There is no presumption that complainant makes the same terms with everybody or that anybody can secure a license from him. The patent has not expired and it is evident that complainant may suffer great injury, if he has a valuable patent, or even be entirely disbarred from the enjoyment of his monopoly if he has to wait in every case until he has been injured before bringing suit. He is entitled, once his patent is sustained, to the same relief as any other patentee. Clearly he would have no adequate remedy at law.

The demurrer is overruled.