### DYER et al. v. CRYDER et al.

(Circuit Court, S. D. New York. April 8, 1907.)

PATENTS—SUIT FOR INFRINGEMENT—PLEADING.

Where a bill for infringement of a patent, in which the patentee and an alleged licensee join as complainants, is challenged by demurrer for misjoinder of complainants, and the bill does not set out the instrument of license nor allege that it is recorded, it should be produced, that the court may determine its legal effect.

In Equity. On demurrer to bill.

Redding, Kiddle & Greeley, Albert M. Austin, and William A. Redding, for complainants.

Morgan & Seabury and Joseph L. Levy, for defendants.

HAZEL, District Judge. The bill alleges that the complainant Leonard H. Dyer, by an instrument in writing, "did give and grant unto your orator, Association Patents Company, its successors and assigns, the exclusive right and license to make, import, sell, and use throughout the United States" automobiles embodying the invention in suit. Defendants have demurred on the ground that there is a misjoinder of parties complainant, and they urge that the license specified in the bill is in effect an absolute conveyance or assignment of the patents. Complainants contend that the written instrument reserves to the patentee, Leonard H. Dyer, the ownership of the patent, and gives to the Association Patents Company merely the right to make, sell, and use the patented article, including an interest in certain profits and damages that may be recovered for past infringements. The assignment or license is not produced for the examination and inspection of the court. The bill contains no averment that the instrument is recorded, but makes alleged profert thereof in these words:

"As in and by said license or a duly authenticated copy thereof here in court to be produced will more fully and at large appear."

In the absence of an allegation that the license or assignment is recorded, it is thought that such instrument should be presented to the court either as a part of the bill or by an equivalent method which

will result in its inspection to enable judicial notice thereof.   The authorities cited upon this point by counsel for the complainants (Bogart v. Hinds [C. C.] 25 Fed. 484; American Bell Telephone Co. v. Southern Telephone Co. [C. C.] 34 Fed. 803) refer to a profert of the record of an instrument as being equivalent to annexing a copy thereof to the bill.   I am unable to determine from the face of the bill that the written instrument was a mere license, as claimed by complainants. Manifestly the question should not be determined simply upon excerpts from the instrument contained in counsels' brief.   If it is important to consider its effect, the entire instrument should be produced for inspection or examination by the court.

The demurrer on the ground of misjoinder of parties complainant is sustained, with costs, and leave to the complainants to amend within 20 days is granted.