### HILDRETH v. BEE CANDY MFG. CO.

(Circuit Court, W. D. Texas, San Antonio Division. June 9, 1908.)

### No. 158.

PATENTS—SUIT FOR INFRINGEMENT—SUFFICIENCY OF BILL.

A bill for infringement of a patent, which makes profert of the patent, is not demurrable because it gives only a general description of the patented device.

In Equity. On demurrer to bill for an injunction and account against the defendant for profits and damages as an infringer of patent No. 832,384, owned by the complainant, who claims to be the first inventor of certain new and useful improvements in candy pulling machines.

Henry Terrell, Aubrey & King, and Wm. A. Macleod, for complainant.

C. L. Bates and Leo Tarleton, for defendant.

MAXEY, District Judge. To the bill filed by the complainant the defendant has interposed several grounds of demurrer. The following was the only one insisted upon in the argument, and it alone will be considered:

"And for further ground of demurrer defendant says that plaintiff has not in said bill described the pretended patented design therein alleged to be infringed by defendant, and said bill gives defendant no notice of the charge he is required to meet."

After alleging that the complainant was the original inventor of "certain new and useful improvements in candy pulling machines," and describing the patent by number and date of issuance, the bill proceeds as follows:

"Said letters patent did grant unto your orator, the said Herbert L. Hildreth, his heirs and assigns, for the term of 17 years from the 2d day of October, 1906, the exclusive right to make, use. and vend the said invention throughout the United States and the territories thereof, as by the said letters patent, or a duly certified copy thereof. ready here in court to be produced and of which profert is hereby made, will fully and at large appear."

In view of the allegation of profert made by the complainant of his patent, is the general description of the patented improvement sufficient? While the allegation is somewhat vague and indefinite, yet, tested by the authorities in patent cases, it seems to be sufficient upon demurrer. Thus, in the case of Chinnock v. Paterson, P. & S. Co. (C. C.) 110 Fed. 201, where the description was scarcely as definite as in the present bill, it was said by Judge Gray:

"The bill contains no other description of the patent in suit, or of the particular process of the alleged invention for which the letters patent were granted. It is the duty of complainant in his bill to so describe the invention patented that the court may understand its nature and character. In the absence of such description, however, profert may be made of the letters patent, and such profert will take the place of specific allegations descriptive of the invention. Such a reference to the letters patent as is made in this bill is the usual substitute for specifically setting out the invention claimed, and for the purposes of demurrer the more technical practice of profert and the craving of oyer is unnecessary."

See, also, Post v. Richards Hardware Co. (C. C.) 25 Fed. 905; American Bell Tel. Co. v. Southern Tel. Co. (C. C.) 34 Fed. 803; Dickerson v. Greene (C. C.) 53 Fed. 247; Enterprise Manufacturing Co. v. Snow (C. C.) 67 Fed. 235; Heaton-Peninsular Button-Fastener Co. v. Schlochtmeyer (C. C.) 69 Fed. 592; Fowler v. City of New York, 121 Fed. 747, 58 C. C. A. 113; Morton Trust Co. v. American Car & Foundry Co. (C. C.) 121 Fed. 132; 1 Beach, Mod. Eq. Prac. § 98, note 2.

In Germain v. Wilgus, 67 Fed. 597, 14 C. C. A. 561, it was held, following the language of the syllabus, that the word "profert," as now used, does not necessarily imply that the recorded instrument pleaded is annexed to the bill, or actually produced to the court, and it may in fact be retained in complainant's own custody. See, also, 16 Enc. Pl. & Pr. p. 1082, note 1.

In addition to what has already been said, it may be observed that the descriptive allegations of the bill follow substantially the forms prescribed by text writers. 2 Bates, Fed. Eq. Proc. pp. 1189–1205; 2 Beach, Mod. Eq. Prac. pp. 1274–1281.

The demurrers are not well taken, and they should be overruled. Ordered accordingly.