## COCA–COLA CO. v. WHISTLE CO. OF AMERICA.

District Court, D. Delaware. June 17, 1927.

### No. 637.

**1. Patents ⟨⟩310(1½)—Allegation of infringement of three design patents by bottles manufactured by defendant held not paradoxical or impossible, as affects sufficiency of complaint.**

Allegation of infringement of three design patents by "a certain type of bottle manufactured and sold by defendant" *held* not paradoxical or impossible, as affects sufficiency of complaint.

**2. Patents ⟨⟩310(2)—Profert of letters patent sued on places them in legal effect in possession of court for inspection and construction.**

A profert by plaintiff of letters patent sued on places them in legal effect in possession of the court for its inspection and construction.

**3. Patents ⟨⟩310(2)—Profert of letters patent sued on is equivalent to annexation of copy.**

In infringement suit, profert of letters patent sued on is equivalent to annexation of a copy thereof.

**4. Patents ⟨⟩313—Infringement suit may be dismissed on ground that patents are void on their face for want of invention.**

A motion to dismiss a patent infringement suit may be predicated and granted on the ground that the patents in suit are void on their face for want of invention.

**5. Patents ⟨⟩313—On motion to dismiss, patent may not be held void on its face for want of invention, unless question is free from doubt.**

In infringement suit, on motion to dismiss, a patent may not be held void on its face for want of invention, unless the question is free from doubt.

**6. Patents ⟨⟩328—48,160, 54,241, and 63,-657, design patents for bottles, held not void on their face, as affects dismissal of infringement suit.**

Design patents for bottles, Nos. 48,160, 54,-241, and 63,657, *held* not void on their face for want of invention, as affects dismissal of infringement suit.

**7. Evidence ⟨⟩19—On motion to dismiss because patents in suit are void on their face for want of invention, court cannot judicially notice prior art.**

On motion to dismiss patent infringement suit on ground that patents in suit are void on their face for want of invention, court may not take judicial notice of patents of prior art.

In Equity. Patent infringement suit by the Coca-Cola Company against the Whistle Company of America. On motion to dismiss bill of complaint. Motion denied.

Harry D. Nims, of New York City, and Andrew C. Gray, of Wilmington, Del., for plaintiff.

William G. Mahaffy and Rodmond S. Mahaffy, both of Wilmington, Del., and Samuel E. Darby, Jr., of New York City, for defendant.

MORRIS, District Judge. To the bill of complaint of the Coca-Cola Company, alleging infringement of three design patents, Nos. 48,160, 54,241, and 63,657, for bottles, wherein profert was made of the letters patent without annexing copies thereof as exhibits to the bill of complaint, the defendant, Whistle Company of America, filed its answer, in which, upon the authority of equity rule 29, it incorporated a motion to dismiss the bill of complaint for want of equity. That motion, now before the court, has been called up before final hearing of the cause.

In support of the motion the defendant urges that infringement of three design patents by "a certain type of bottle manufactured and sold by defendant," as alleged in the bill of complaint, is paradoxical and a legal impossibility; that the patents sued upon and proffered by the plaintiff, and exhibited by the defendant at the hearing upon the motion, show upon their face, or upon comparison with the patents of the prior art annexed as exhibits to the answer, a want of invention; and that, if the patents be valid, noninfringement thereof by the defendant is made obvious by an inspection of the bottle used by the defendant, put before the court as an exhibit to an affidavit filed by the defendant, particularly when the patents sued upon are limited to the narrow compass to which they are confined by the patents of the prior art annexed as exhibits to the answer. [1, 2] Defendant cites no authorities to support its first contention. The plaintiff, on the other hand, though citing no authority decisive of the point, finds several cases in

which a single article has been alleged to infringe two or more design patents. Graff, etc., v. Webster (C. C.) 189 F. 902; Frank v. Geiger (C. C.) 121 F. 126; Rose v. Whitehouse (C. C. A.) 208 F. 564; Dominick v. Wallace (C. C. A.) 209 F. 223; Mygatt v. Schaffer (C. C. A.) 218 F. 827. Viewed in the abstract, there seems to be no logical or legal ground upon which a finding of impossibility of infringement by a single article of two or more design patents may be predicated. Defendant's contention, however, is not made as an abstract proposition, for the profert by the plaintiff of the letters patent sued upon places them, in legal effect, in possession of the court for its inspection and construction. 6 M. & G. 277; Germain v. Wilgus (C. C. A.) 67 F. 597; 1 Chitty, Pl. 414.

[3] The profert of letters patent is equivalent to annexing a copy. American Bell Tel. Co. v. Southern Tel. Co. (C. C.) 34 F. 803; Chinnock v. Paterson P. & S. Tel. Co. (C. C.) 110 F. 199, 201, reversed (C. C. A.) 112 F. 531, upon another point. An inspection of the patent sued upon, however, does not make manifest that it is impossible for a single bottle to infringe each of them. Moreover, the bill as drawn, or at least as it might be permitted to be amended, might readily be construed to allege only that the defendant's bottle is an infringement of one or more of the patents sued upon. See Story's Equity Pleading, §§ 284, 284a.

[4-6] That a motion to dismiss may be predicated and granted upon the ground that the patents in suit are void upon their face for want of invention is settled at least in this circuit. American Safety Device Co. v. Liebel-Binney Const. Co., 243 F. 575 (C. C. A. 3). Yet it appears from the bill of complaint that two of the patents in suit have been adjudged valid in a contested case. Coca-Cola Company v. Joseph Glazier (no written opinion filed [No. 384, in Equity, Dist. Ct. N. D. of Texas]). Where the presumption of validity arising from the granting of a patent is so buttressed, a finding, arrived at upon a motion to dismiss, that the patent shows invalidity upon its face, would seem to be neither obvious nor so clearly correct as not to be debatable. Yet, unless the question is free from doubt, such finding may not be made. Bonnie-B. Co. v. Giguet (D. C.) 269 F. 272, 273; Luten v. Kansas City Bridge Co., 285 F. 840, 844 (C. C. A. 8); Charles Boldt Co. v. Nivison-Weiskopf Co. (C. C. A.) 194 F. 871. Any doubt of their invalidity remaining, however, after a mere inspection of the patents in suit is removed and dissolved, in defendant's view, by the patents of the prior art annexed as exhibits to its answer.

[7] The asserted right of the court to examine these patents is predicated upon Milner Seating Co. v. Yesbera, 111 F. 386 (C. C. A. 6), and like cases which hold that in considering a demurrer to a bill the court may take judicial notice of whatever is generally known within the limits of its jurisdiction, of facts of common and general knowledge tending to show that the device, process, or design patented is old or wanting in invention, and to refresh its memory may refer to any means for that purpose deemed safe and proper, to ascertain what facts were of common and general knowledge and had been published at the time the application for the patent was made. The defendant cites, however, and I find, no case to the effect that a court may take judicial notice of the patents of the prior art. In the absence of such right, they may not, I think, be considered upon the motion to dismiss. Story's Equity Pleading, §§ 448, 449.

The allegations of the bill charging infringement are in the usual form and adequate. Upon the motion to dismiss I am not, however, at liberty to look beyond the facts set out in the bill and the exhibits thereto. Though equity rule 29 permits a defendant to incorporate a motion to dismiss in his answer, and thus, in that particular, modifies the previously existing practice, yet I find no modification in the recent rules of that which may be considered by the court upon a motion so made. In fact, the rule is expressly directed to points of law "arising upon the face of the bill."

The motion to dismiss must be denied.