## ANGIER et al. v. NEHRING ELECTRICAL WORKS.

### No. 9241.

District Court, N. D. Illinois, E. D.
February 18, 1930.

Emery, Booth, Varney & Townsend, of Boston, Mass., for plaintiffs.

Macleod, Calver, Copeland & Dike, of Boston, Mass., for defendant.

LINDLEY, District Judge. Defendant moves to dismiss the bill of complaint, brought for infringement of Letters Patent No. 1,282,167, to Angier, claim 3 of which, being typical of the other claims, is as follows:

"3. A package comprising an annular article and a wrapping inclosing the same comprising a strip encircling the article in a series of closely drawn helical turns, each turn embodying stretched resilient embossments tensioning the material throughout its width."

Admittedly, the meaning of this claim, in ordinary language, is: A package, comprising an annular article (such as an automobile tire), to be wrapped, and a strip, wrapped spirally about the same, consisting of resilient material, such as crepe paper. In other words, the claim is for spirally wrapping an automobile tire with crepe paper. Defendant insists that, upon its face, the patent is void for want of invention.

Plaintiff's bill admits that before the application for the patent in suit was made, bur-

lap had been used for wrapping vehicle tires and similar annular articles; that the chief improvement contributed by the patent is economy; that there had previously been spirally wrapping by plain paper; that the idea of wrapping tire packages was old; that spiral or helical wrappings were old, and that a machine for wrapping such annular articles with helical or spiral turns was old. It appears, therefore, that the only difference between the combination claimed and that of the prior art is the substitution of crepe paper for other material. It may be well admitted that crepe paper will cling more closely to an automobile tire than straight paper; that it is more economical than burlap and that it has certain advantages over burlap. But this court is not willing to say that the substitution of crepe paper, which was old, for burlap or straight paper, in the wrapping of automobile tires, constituted invention. A person desiring to wrap an automobile tire, having before him all of the three old materials—plain paper, crepe paper, and burlap—obviously would know that the paper is cheaper than the burlap; that the crepe paper would, because of its convolutions, cling more closely to the tire than the plain paper; that probably the best of the three materials for the purpose is crepe paper and that it is cheaper than burlap. To select crepe paper, then, is no more invention than it would be to use adhesive tape, rather than paper, in splicing wires, or to use cotton cloth, rather than paper, in bandaging the hunting dog's broken leg.

The patent is, upon its face, void.

The motion to dismiss is allowed.