## ANGIER et al. v. ANACONDA WIRE & CABLE CO.

### No. 854.

District Court, D. Delaware.
April 6, 1931.

See, also, 48 F.(2d) 612.

William G. Mahaffy, of Wilmington, Ill., and L. G. Miller (of Emery, Booth, Varney & Townsend), of Boston, Mass., for plaintiffs.

Hugh M. Morris, of Wilmington, Del., and George P. Dike, of Boston, Mass., for defendant.

NIELDS, District Judge.

Edward H. Angier, patentee and owner of United States letters patent No. 1,282,167 for "Improvement in Packages," granted October 22, 1918, and Angier Corporation, sole licensee, have filed their bill of complaint against Anaconda Wire & Cable Company, a corporation of Delaware, alleging infringement, and seeking the usual relief. The invention of the patent, as stated in the specification, "relates to packages and the purpose is to provide an article with a closely fitting and resistant inclosing covering," and is more particularly designed for pack-aging toric or annular articles, such as automobile tire shoes, coils of wire, and coils of garden hose.

The defendant has filed a motion to dismiss the bill of complaint. Of the three grounds stated, only the first need be considered, as the second and third are obviously untenable. The first ground is that on the facts stated in the bill and in the patent in suit the patent is void on its face for lack of patentable novelty and invention. The authority of the court to grant a motion to dismiss on this ground has been recognized by this court. Coca-Cola Co. v. Whistle Co. of America, 20 F.(2d) 261. The question for determination is whether it clearly appears from the drawings and specifications and claims of the patent that, resorting to common and general knowledge, the court may say that there is a want of novelty and invention in the patent and that it is so palpable that any competent evidence which might be offered in support of the patent would not show the fact to be otherwise. The defendant contends that it appears from the specification that tire packages were old; that spiral wrapping with a strip was old; and that prior use of ordinary paper for wrapping tires was old; and, further, that the only difference between the patent in suit and the prior art is the use or substitution of crepe paper for plain paper, burlap, or other material which had been theretofore used as a wrap for annular or toric articles, and advances the proposition that the substitution of one old material for another old material is not invention if the new result claimed is attributable to well-known characteristics inherent in the material. But substitution of one material for another may and often has resulted in invention, depending, of course, on facts leading to or bringing about such substitution or the results obtained thereby. Walker on Patents (6th Ed.) § 66. Whether or not such substitution of materials, assuming but not deciding, that that is all this patentee has done, resulted in invention, depends on questions of fact. The defendant seeks to draw an inference from the disclosure of the patent and the fact that crepe paper was old, that the new result claimed by the patentee; if any new result is obtained, is attributable, not to inventive genius in the selection or use of the substituted material, but to well-known characteristics inherent in crepe paper. But that is an inference upon which the plaintiffs are entitled to a trial upon the merits.

On this motion facts alleged in the bill are, of course, taken as admitted. It alleges that the package of the patent has been continuously since 1908 extensively used in packaging for storage and shipment annular and toric articles; that many millions of the patented packages have been made and used; that they are used, exclusive of all others, for coils of garden hose, and for 90 per cent. or more of individually wrapped wire coils, and on many vehicle tires; that there has been public acquiescence in the validity of the patent; that the patented improvements have been generally used by many concerns operating under express license from the plaintiffs, the names of twenty-eight of such concerns, constituting a minority in number, being set out in the bill. Further, paragraph 10, reads:

"The patented packages, while analogous to, are substantially different manufactures from those of the prior art and by utilizing in a new manner thitherto unrecognized properties of the materials used give rise to new results and to new and added functions in packages, said packages being much more efficient and of greater durability than those theretofore known and serving to remedy defects of prior packages which those skilled in the art had for a long time prior to the invention vainly endeavored to obviate."

If the allegations of the bill are sustained by competent evidence, invention may well be found, particularly in view of the recent decision of the Circuit Court of Appeals of this circuit in Allen Filter Co. v. Star Metal Mfg. Co., 40 F.(2d) 252. To sustain the motion would be to deprive the plaintiffs of an opportunity to support the grant of the patent. A denial of it still leaves to the defendant full opportunity to raise all questions now raised and to rebut such evidence as may be offered by the plaintiffs.

Even if the question was a doubtful one, the rule expressed by the Circuit Court of Appeals for the Second Circuit in Beer v. Wallbridge, 100 F. 465, 466, would be determinative of this motion. The court there said: "A patent carries with it a presumption of novelty, and the trained experts of the patent office have decided that what was done by the patentee arose to the dignity of an invention. Whether it was an obvious thing or not is a question of fact; and if it should appear that upon the introduction of the patented article it commended itself to the public, and was accepted as supplying what had long been wanted, and obtained an extensive sale and use, these facts might be decisive."

It appears from defendant's brief and argument, though not of record, that this patent was before the District Court of the United States for the Northern District of Illinois, Eastern Division, in the suit of the present plaintiffs against Nehring Electrical Works, and that there the alleged act of infringement consisted in wrapping coils of wire with crepe paper. The District Court sustained defendant's motion to dismiss the bill on the ground that the patent was void on its face. 37 F.(2d) 953, affirmed (C. C. A.) 45 F.(2d) 354. I am satisfied from a reading of the opinions in that case that the allegations of the bill before the Illinois court were different in material respects from the allegations of the bill before this court, and that the principle of comity urged by the defendant has no application to a decision of this motion.

The motion to dismiss must be denied.